IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | Case No. 4:24-cr-00224 |
| § | |
| ENRIQUE ROBERTO "HENRY" § | |
| CUELLAR and IMELDA RIOS § | |
| CUELLAR § | |

**DEFENDANTS' MOTION TO DISMISS INDICTMENT AND RESPONSE
JOINING IN PART THE GOVERNMENT'S MOTION TO DISMISS**

TO THE HONORABLE LEE H. ROSENTHAL,
UNITED STATES DISTRICT JUDGE:

ENRIQUE ROBERTO "HENRY" CUELLAR and IMELDA RIOS CUELLAR, Defendants herein through counsel, file this Response, joining the motion to dismiss Counts 4 and 8 and requesting those counts be dismissed with prejudice. The Defendants move to dismiss the remaining counts of the indictment based on the dismissal of Counts 4 and 8 because editing the indictment would violate the Defendants' grand jury right under the Fifth Amendment to the United States Constitution. The Government cannot rewrite the indictment's interlaced material without infringing on the grand jury's protected duties.

I. BACKGROUND

The Attorney General issued her guidance limiting Foreign Agent Registration Act prosecutions on February 5, 2025. Dkt. No. 86 at 10. In March of

1

2025, Defense counsel raised the new guidance with prosecutors. On May 9, 2025, the defense filed a motion to dismiss based in part on the propriety of proceeding on the FARA counts after the Attorney General's guidance. Dkt. No. 86 at 10. The prosecutors disregarded the defense's questions about the FARA prosecution and wrote at length about the history and importance of FARA prosecutions under the almost entirely unused criminal code 18 U.S.C. § 219. Dkt. No. 99 at 11. On July 18, 2025, the Government moved to dismiss Counts 4 and 8 of the indictment (the FARA counts) due to the Attorney General's February 5, 2025 guidance. Dkt. No. 122. It also moved to "strike" 20 different parts of the remaining indictment on pages 1, 2, 4, 8, 9, 11, 14, 25, 26, 32, 33, 39, 40, 45, 46, 50 and 51. Dkt. No. 122 at 3.

## II. LEGAL STANDARD

A. Rule 48 "Dismissal"

Rule 48, titled "Dismissal" allows the Government to dismiss an "indictment, information or complaint." The purpose of Rule 48 is to protect defendants from "charging, dismissing and recharging without placing a defendant in jeopardy." *United States v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982). Court supervision is required under Rule 48 because prosecutorial harassment can occur when the prosecution is dismissed and recommenced at another time more favorable to the government. *Id.* at 351. Rule 48 dismissals should be done with prejudice when a re-prosecution is against fundamental fairness. *United States v. Strayer*, 846 F.2d 1262,

1265 (10th Cir. 1988); (holding counts should consider the public interest, fair administration of criminal justice and judicial integrity when evaluating a motion to dismiss under Rule 48); S*ee also United States v. Terry*, 5 F.3d 874, 877 (5th Cir. 1993) (stating that parties should specify whether they seek dismissal with or without prejudice). Rule 48 only concerns the dismissal of the charging instrument or counts within that instrument; it does not concern the striking of paragraphs that remain in an indictment. Fed. R. Crim. P. 48(a). "The right of the prosecution to move for and the court to grant dismissal of an Indictment or separate counts thereof is a hornbook principle." *Thomas v. United States*, 398 F.2d 531, 537 (5th Cir. 1967).

  B. <u>Rule 7(d) Striking Surplusage</u>

Federal Rule of Criminal Procedure 7 concerns striking information from an indictment. Fed. R. Crim P. 7. First, the rule does not allow the Government to make amendments to an indictment, only amendments to an information are permitted. Fed. R. Crim P. 7(e), Note to Subdivision (e). Second, the only allowance for revising remaining counts of an indictment fall under Rule 7(d) "Surplusage" which provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). "The authority of the court to strike such surplusage is to be limited to doing so on defendant's motion, in the light of the rule that the guaranty of indictment by a grand jury implies that an indictment may not be amended." Fed. R. Crim. P. 7, Note to Subdivision (d). Such a motion to

strike surplusage requires the Defendant to waive his grand jury rights in that respect. Fed. R. Crim. P. 7, Note to Subdivision (d). Surplusage is the deletion of material that is merely a matter of form. *United States v. Glassman*, 562 F.2d 954, 957 (5th Cir. 1977). "[A] court may not amend an indictment by striking out words as surplusage which may have formed the basis for one or more of the grand jurors to vote to indict." *United States v. Beeler*, 587 F.2d 340, 343 (6th Cir. 1978). Motions to strike surplusage are "rarely granted" because the "scope of a district court's discretion to strike material from an indictment is narrow." *United States v. Hedgepeth*, 434 F.3d 609, 612 (3d Cir. 2006).

C. Amendments to an Indictment

Amending an indictment, actually or constructively, usurps the constitutionally guaranteed role of the grand jury and is *per se* reversible error. *Russell v. United States*, 369 U.S. 749, 770 (1962); *United States v. Gonzalez*, 661 F.2d 488, 492 (5th Cir. 1981). "An amendment occurs 'when the essential elements of the offense set forth in the indictment are altered, either actually or in effect, by the prosecutor or the court after the grand jury has passed upon them.'" *United States v. Koen*, 31 F.3d 722, 723 (8th Cir. 1994). Minor defects in an indictment do not deprive a Court of jurisdiction to adjudicate a criminal case, but it remains well settled that prosecutors and courts may not invade the province of the grand jury by amending the indictment. *United States v. Cotton*, 535 U.S. 625, 630 (2002).

Changes that require the court or prosecutor to guess what was in the mind of the grand jury at the time they returned an indictment are not allowed. *Russell*, 369 U.S. at 770.

> To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure.
>
> This underlying principle is reflected by the settled rule in the federal courts that an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form.
> *Id.*

A court may not amend an indictment by striking out words which "may have formed the basis for one or more of the grand jurors to vote to indict." *Beeler*, 587 F.2d at 343. If the grand jury may have returned their indictment based on a fact or premise presented in the deleted material the indictment must be resubmitted to a grand jury to proceed. *United States v. Mariani*, 7 F. Supp. 2d 556, 567 (M.D. Pa. 1998). "Reliance on that premise may have tainted all of their charges. Without it the grand jury may not have indicted the defendants at all or differently." *Id.*

It is only when material is presented independently within a section of an indictment that it may be permissible to remove part of a charge from the jury's consideration. *United States v. Diaz*, 690 F.2d 1352, 1355 (11th Cir. 1982). The

5

removed material must be "independent and unnecessary allegations" in the indictment. *United States v. Allmendinger*, 706 F.3d 330, 340 (4th Cir. 2013)

### III. ARGUMENT

A. <u>Dismissal of Counts 4 and 8 Should be With Prejudice</u>

The Government's Rule 48(a) dismissal of Counts 4 and 8 should be done with prejudice. *See Strayer*, 846 F.2d at 1265. It would be fundamentally unfair and arbitrary to dismiss counts based on a new policy of the Justice Department and then reindict that person in spite of the policy change. *See id.*

B. <u>Dismissal of the FARA Counts Requires Dismissal of All Counts Dependent on the FARA Allegations</u>

There is no rule that allows the Government to amend the remaining counts of an indictment after it is returned by a grand jury. Dkt. No. 122 at 2-3; *See* Fed. R. Crim. P. 7, Note to Subdivision (e), and 48. Rule 7 and Rule 48 make clear that the power to remove sections of indictments within remaining counts is *not* placed within the discretion of the prosecution. *See* Fed. R. Crim. P. 7, 48. *Russell*, 369 U.S. at 770; *Gonzalez*, 661 F.2d at 492.

Even if the Government could make edits to an indictment after a grand jury proceeding, the edits the Government proposes to this indictment do not excise all the FARA material from the indictment. Instead, the Government seeks to relabel the FARA material *as if* it was presented to the grand jury differently. For example, Paragraph 45 spans 6 pages with 13 subparagraphs "a" through "m". Dkt. No. 1 p.

14-19. The subparagraphs are specific acts the Government alleged Congressman Cuellar and Imelda Cuellar committed. Paragraph 45 introduces the subparagraphs as the specific acts the Cuellars committed in violation of FARA. It reads:

> 45. IMELDA CUELLAR performed little or no legitimate work in exchange for the payments she received from Foreign Oil Company-1. Instead, in exchange for the bribe payments, HENRY CUELLAR agreed to perform official acts and acts in violation of his official duties benefitting Azerbaijan and to be and act as an agent of the Government of Azerbaijan with respect to: legislation relating to U.S. security and economic development programs, legislation and policy relating to the Nagorno-Karabakh conflict, immigration issues relating to an Azerbaijani citizen, and the promotion of Azerbaijan's reputation as an ally and strategic partner of the United States, among other matters. The official acts, violations of official duty, and agency activities as defined under FARA in which HENRY CUELLAR agreed to engage included:

The Government proposes "striking" lines in the introduction of the subparagraphs: "and to be and act as an agent of the Government of Azerbaijan" and "and agency activities as defined under FARA." Dkt. No. 122 at 3. That is neither deleting surplusage nor fixing typos. *See Glassman*, 562 F.2d at 957. That would amend the indictment to falsely state what a grand jury was told. The FARA and bribery allegations in paragraph 45 and its subparts were blended together, the indictment did not make independent allegations. *See Mariani*, 7 F. Supp. 2d at 567. Pretending that the indictment separated the FARA and bribery material would not be truthful and is a violation of the Defendants' Fifth Amendment rights because the stricken information may be the premise that the grand jury relied on to indict. *See*

*Russell*, 369 U.S. at 770; *Mariani*, 7 F. Supp. 2d at 567. It is possible that the grand jury indicted on the bribery count because they applied the FARA premise to Paragraph 45 and its subparts. *See Mariani*, 7 F. Supp. 2d at 567. "Reliance on that premise may have tainted all of their charges. Without it the grand jury may not have indicted the defendants at all or differently." See *id*. Paragraph 45 is offered as an example, but the blending of the FARA material is done throughout the paragraphs the government seeks to remove.

Paragraphs 25, 29, 40, 70, 74, 83, 88, 93, 104, 105, 111, 122 and 125 are all paragraphs blended with the other substantive counts and cross referenced by the substantive counts. Paragraph 83, and its subparts, has the same problem of presenting information as FARA material as Paragraph 45. Paragraph 93 distills the blending and cross-referencing problem neatly. The paragraph, located within substantive Count 1 reads:

> 93. In exchange for the payments, HENRY CUELLAR agreed to perform official acts and acts in violation of his official duties benefitting Azerbaijan <u>and to be and act as an agent of the Government of Azerbaijan, a foreign principal as defined by FARA</u>, with respect to the matters detailed in Paragraph 45 of this Indictment, among others, as opportunities arose.

The Government wants to get rid of the underlined portion of the sentence as if the sentence did not rely on that phrase and as if cross reference to the FARA material in Paragraph 45 was unrelated to the meaning of the sentence. It is possible the FARA section of this sentence was the part or premise of the sentence the grand

8

jury relied on. *See Russell*, 369 U.S. at 770. Untangling phrases from within sentences in an indictment works the kind of substitution in judgment that *Russel* prohibited. *See id.*

The Government chose to present the bribery and FARA material together and not independently. It did not have to do so. As seen in *Diaz*, it can be straightforward to remove independent information in an indictment that becomes irrelevant due to the dismissal of a count or a theory. In *Diaz*, the false statement language did not discuss the alleged drug status that was dismissed, and the drug status never appeared in the substantive counts. *See Diaz*, 690 F.2d at 1355. Similarly, in *Allmendinger* the Court could fairly reduce the scope of the conspiracy count without doing impermissible grand jury guess work. The stricken material was "independent and unnecessary" to the allegations in the indictment that the grand jury had approved. *See Allmendinger*, 706 F.3d at 340.

This is not the case here. The material was blended together in presentation and cross referenced within the substantive counts. *See* Dkt. No. 1 at ¶¶ 86, 93, 95, 96, 97, 98, 100, 101, 102; *see id.*; *See Diaz*, 690 F.2d at 1355. Removing parts of sentences and paragraphs in overt acts and substantive counts of material dependent on other allegations is an impermissible amendment that would have the Court "change the charging part of an indictment to suit its own notions of what it ought to have been or what the grand jury would probably have made…" *See Russell*, 369

U.S. at 770. Because what is struck was blended with what remains the Government is asking for a deletion of material that "may have formed the basis for one or more of the grand jurors to vote to indict." *See Beeler*, 587 F.2d at 343.

The Government could have presented the FARA counts simply and separately, testing out an almost never used criminal code with caution. But the Government did not do that, it went 'all or nothing' on its FARA allegations, using the code to try and shore up nearly every count in the indictment. *See* Dkt. No. 1 at ¶¶ 45, 83, 86, 93, 95, 96, 97, 98, 100, 101, 102, 111, 115, and 120. Now that it is abandoning the FARA counts, the Government must face the consequences of its choice. The FARA shoring is gone, and the remaining counts must be resubmitted to a grand jury if they are to proceed. *See Russell*, 369 U.S. at 770. The Defendants respectfully ask the Court to dismiss all other counts because they were intertwined with and dependent on the FARA allegations. Proceeding on those charges would amount to an amendment of the indictment and violation of the Defendants' grand jury right under the Fifth Amendment. *See id.; Mariani*, 7 F. Supp. 2d at 567.

C. <u>In the Alternative, All FARA Material Should be Stricken Not Just the Government's Selections</u>

In the alternative, if the Court declines to dismiss all affected counts, the Defendants ask the Court to strike all FARA material, not just the selections offered by the Government. The Government should not be able to offer indictment

sentences and paragraphs as if they were independently charged. The entire section should be removed. *See Russell*, 369 U.S. at 770. The Defendants' changes, offered in the alternative, are as follows:

- Page 1, strike "18 U.S.C. § 219 (Public Official Acting as an Agent of a Foreign Principal)" from caption.
- Page 2 ¶ 1, strike "to commit acts in violation of his official duties, and to act as an agent of the Government of Azerbaijan and Foreign Bank-1."
- Page 4 ¶¶ 10-11, strike entire paragraph and header.
- Page 8 ¶ 25, strike "The payments contemplated in the contract were in exchange for HENRY CUELLAR's agreement to perform official acts and acts in violation of his official duties and to act as an agent of the Government of Azerbaijan."
- Page 9 ¶ 29, strike "Like the prior contract, this agreement was a sham used to disguise and legitimate HENRY CUELLAR's corrupt agreement to take official acts and acts in violation of his official duties for the benefit of Azerbaijan and to act as an agent of the Government of Azerbaijan in exchange for bribes."
- Paragraph 11 ¶ 40, strike "Like the prior contracts, this contract was a sham used to disguise and legitimate HENRY CUELLAR's corrupt agreement to take official acts and acts in violation of his official duties to benefit the

11

Government of Azerbaijan and to act as an agent of the Government of Azerbaijan in exchange for bribe payments."

- Page 14 ¶ 45, strike all Paragraph 45, all its subparts (a) through (m), and header.

- Page 25 ¶ 70, strike "This contract, like the sham contracts involving Foreign Oil Company-1, was used to disguise and legitimate unlawful payments from Foreign Bank-1 to HENRY CUELLAR in exchange for HENRY CUELLAR's agreement to perform official acts and acts in violation of his official duties and to act as an agent of Foreign Bank-1."

- Page 26 ¶ 74, strike "These payments were made pursuant to HENRY CUELLAR's corrupt agreement to act as an agent of Foreign Bank-1 and to take official acts and acts in violation of his official duties beneficial to Foreign Bank-1 in exchange for bribes."

- Page 32 ¶ 83, strike all Paragraph 83, all its subparts (a) through (f) and header.

- Page 39 ¶ 87, strike all of subpart (b).

- Page 39 ¶ 88, strike all Paragraph 88.

- Page 40 ¶ 93, strike all Paragraph 93.

- Page 45 ¶ 104, strike all of subpart (b).

- Page 45 ¶ 105, strike all Paragraph 105.

- Page 46 ¶ 111, strike all of Paragraph 111.

- Page 50 ¶ 122, strike "and having a public official be or act as an agent of a foreign principal required to register under FARA in violation of Title 18, United States Code, Section 219."

- Page 51 ¶ 125, strike "and having a public official be or act as an agent of a foreign principal required to register under FARA in violation of Title 18, United States Code, Section 219."

- Strike all references to wholly deleted paragraphs.

## IV. CONCLUSION

For the aforementioned reasons, the Defendants join the Government's motion to dismiss and ask the Court to dismiss Counts 4 and 8 with prejudice. To protect the Defendants' grand jury right under the Fifth Amendment of the United States Constitution, the Defendants also ask that the remainder of the indictment be dismissed because it relied on the FARA allegations. In the alternative, the Defendants ask the Court to fully excise all FARA material from the indictment as listed above.

Respectfully submitted,

FLOOD & FLOOD
/s/ Chris Flood
Chris Flood
Email: chris@floodandflood.com
State Bar No. 07155700
Federal I.D. No. 9929

Charles Flood
Email: charles@floodandflood.com
State Bar No. 00798178
Federal I.D. No. 22508

/s/ Stephen D. Dockery
State Bar No. 24120265
Email: stephen@floodandflood.com
914 Preston, Ste. 800
Houston, Texas 77002
713-223-8877
713-223-8877 fax

Eric Reed
The Reed Law Firm, PLLC
State Bar No. 00789574
Federal I.D. No. 17904
912 Prairie St., Suite 100
Houston, Texas 77002
713-600-1800
713-600-1840 fax

**ATTORNEYS FOR ENRIQUE ROBERTO "HENRY" CUELLAR**

DRUMHELLER, HOLLINGSWORTH & MONTHY, LLP

/s/ Derek S. Hollingsworth
Derek S. Hollingsworth
State Bar No. 24002305
Federal I.D. No. 34569
Email: dhollingsworth@dhmlaw.com

Anthony D. Drumheller
State Bar No. 00793642
Federal I.D. No. 22734
Email: adrumheller@dhmlaw.com

14

Jeremy T. Monthy
State Bar No. 24073240
Federal I.D. No. 1115582
Email: jmonthy@dhmlaw.com

712 Main Street, Suite 1705
Houston, Texas 77002
Telephone: (713) 751-2300
Facsimile: (713) 751-2310
Email: dhollingsworth@dhmlaw.com

***ATTORNEYS FOR DEFENDANT,
IMELDA RIOS CUELLAR***

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Chris Flood*
Chris Flood