UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § v. § § No. 4:24-cr-224 § ENRIQUE ROBERTO "HENRY" § CUELLAR AND IMELDA RIOS § CUELLAR, § § § Defendants. § | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS INDICTMENT BASED ON GOVERNMENT'S MOTION TO STRIKE COUNTS AND ALLEGATIONS RELATING TO 18 U.S.C. § 219**

The government moved, pursuant to Federal Rule of Criminal Procedure 48(a) and in an exercise of prosecutorial discretion, to dismiss Counts Four and Eight of the Indictment, which allege violations of 18 U.S.C. § 219, and to strike § 219-related allegations from other parts of the Indictment. *See* ECF No. 122. The defendants do not oppose the dismissal of Counts Four and Eight. *See* ECF No. 125. However, they move to dismiss the remaining Counts of the Indictment, arguing that striking the § 219-related allegations violates their Fifth Amendment right to grand jury indictment. *Id.*

The defendants' motion should be denied. Under longstanding Supreme Court and Fifth Circuit precedent, *narrowing* the charges or allegations in the indictment does not violate a defendant's Fifth Amendment rights, provided the offense of conviction is fully contained therein. In any event, the government's request to strike certain allegations does not constitute grounds for dismissing any other charges or striking a broader set of allegations. The government's motion to dismiss Counts Four and Eight and to strike § 219-related allegations should be granted, Counts Four and Eight should be dismissed without prejudice, and the defendants' motion to dismiss the remaining Counts should be denied.

1

I.  **Narrowing the Allegations in the Indictment Does Not Violate the Defendants' Fifth Amendment Rights**

As explained in the government's Rule 48 motion, the Department of Justice determined, in an exercise of prosecutorial discretion, not to proceed on the Counts and allegations related to 18 U.S.C. § 219, the prohibition on public officials acting as agents of foreign principals.  *See* ECF No. 122.  To effectuate that exercise of discretion, the government moved to dismiss Counts Four and Eight, which charge violations of § 219, and to strike other § 219-related allegations, including removing § 219 as an object of the conspiracies charged in Counts One and Five and removing § 219 as one of the specified unlawful activities for the money laundering offenses charged in Counts Nine through Fourteen.  *Id.*

In *United States v. Miller*, 471 U.S. 130 (1985), the Supreme Court unanimously held that the type of change requested in the government's motion — which merely narrows the charges in the Indictment — does not violate the Fifth Amendment right to grand jury indictment.  There, the indictment charged the defendant with mail fraud on two separate theories of fraud.  *Id.* at 131–32.  At trial, the government introduced proof of only one of those theories, and the jury found him guilty.  *Id.* at 132–33.  The defendant appealed, arguing that the trial proof fatally varied from the scheme alleged in the indictment.  *Id.* at 134.

The Supreme Court rejected that argument.  "As long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment," it stated, "the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime."  *Id.* at 136.  Any part of the indictment that is "unnecessary to and independent of the allegations of the offense proved may normally be treated as 'a useless averment' that 'may be ignored.'"  *Id.* (quoting *Ford v. United States*, 273 U.S. 593, 601 (1927)).

This principle, the Court explained, "has not been confined to allegations that . . . would have had no legal relevance if proved." *Id.* at 137. Thus, where an indictment alleges several distinct criminal plans or schemes, the court may properly submit only a subset of the charges or allegations to the jury. *Id.* The critical question is whether "the offense proved was fully contained within the indictment." *Id.* Only if the "offense proved at trial was *not* fully contained in the indictment" is the right to grand jury indictment infringed. *Id.* at 138–39 (emphasis in original). Conviction on a narrower range of charges or allegations than those set forth in the indictment does not deprive the defendant of his "substantial right to be tried only on charges presented in an indictment returned by a grand jury." *Id.* at 140 (quoting *Stirone v. United States*, 361 U.S. 212, 217 (1960)).

This rule — that the indictment may be narrowed but not expanded — has been settled law in the Fifth Circuit for over fifty years. In *Thomas v. United States*, a case cited by the defendants, *see* ECF No. 125 at 3, the court confronted the precise issue presented here: the district court, on the government's motion, struck one of the objects of a dual-object conspiracy and related allegations from the indictment before trial began. 398 F.2d 531, 533 (5th Cir. 1967). The Fifth Circuit ruled that the defendant's Fifth Amendment rights were not thereby infringed, as "the effect of the Court's action was to narrow, not widen the issues the defendant was called on to meet." *Id.* at 539. The court explained that striking material from an indictment is equivalent to declining to submit certain allegations to the jury, a decision squarely within the discretion of the executive and the authority of the court:

> It can hardly be doubted that if, instead of moving to strike Paragraph 2 and overt acts 6, 7 and 8, the U.S. Attorney, after his proof was in, had suggested to the Court that he had offered no proof as to these matters, and the jury should be so instructed, the following of this suggestion by the Court would have been clearly permissible. The net effect is the same, in our judgment.

3

*Id.* at 539. This principle is hornbook law and has been reaffirmed time and time again. *See* Wright & Miller, 1 Fed. Prac. & Proc. Crim. § 128 (5th ed.) ("[C]hanging an indictment to remove an allegation or charge is permitted as long as the change does not expand the potential bases of criminal liability in the defendant's case."); *United States v. Griffin*, 800 F.3d 198, 202–03 (5th Cir. 2015) ("[T]he key inquiry is whether the jury charge *broadened* the indictment; if it only *narrowed* the indictment, no constructive amendment occurred." (emphasis in original)); *United States v. McGilberry*, 480 F.3d 326, 332 (5th Cir. 2007) (same); *United States v. Nunez*, 180 F.3d 227, 233 (5th Cir. 1999) (same); *United States v. Gonzalez*, 661 F.2d 488, 492 (5th Cir. Unit B Nov. 1981) ("In this case, there was no amendment because it cannot be said that the appellant was convicted of an offense other than that contained in the indictment."); *United States v. Glassman*, 562 F.2d 954, 957 (5th Cir. 1977) ("The deletion eliminated one of the alternatives specified in the statute and added nothing to the indictment."); *Overstreet v. United States*, 321 F.2d 459, 461 (5th Cir. 1963) ("[W]ithdrawing a part of a charge from the consideration of the jury does not work an amendment of the indictment, provided nothing is thereby added to the indictment." (internal citation omitted)).

*Miller* controls here. The changes proposed in the government's motion add nothing to the Indictment. They merely narrow the potential bases of liability by withdrawing the § 219 Counts and related allegations from the jury's consideration. Violation of § 219 is only one of the objects of the conspiracies charged in Counts One and Five, and only one of the predicates for the money laundering offenses charged in Counts Nine through Fourteen. The § 219-related allegations do not affect the bribery offenses charged in Counts Two and Six or the honest-services wire fraud conspiracies charged in Counts Three and Seven. The remaining allegations sufficiently state the remaining offenses and give the defendants ample notice of the charges they will be called

to meet at trial. That is all the Constitution requires. *See Miller*, 471 U.S. at 140 (finding no violation of the right to grand jury indictment where the defendant "was tried on an indictment that clearly set out the offense for which he was ultimately convicted").

The defendants nonetheless contend that the Indictment must be dismissed in its entirety because the stricken material "may have formed the basis for one or more of the grand jurors to vote to indict." ECF No. 125, at 4, 5, 10. For that proposition, they rely on *United States v. Beeler*, 587 F.2d 340 (6th Cir. 1978). *Beeler*, in turn, relies on *Ex parte Bain*, 121 U.S. 1 (1887). But that holding of *Bain* was expressly overruled in *Miller*. *Bain*, the Supreme Court explained, had suggested that "striking out . . . parts of an indictment invalidates the whole of the indictment, for a court cannot speculate as to whether the grand jury had meant for any remaining offense to stand independently, even if that remaining offense clearly was included in the original text." *Miller*, 471 U.S. at 142. That proposition, the Court ruled, is no longer the law:

> Modern criminal law has generally accepted that an indictment will support each offense contained within it. To the extent *Bain* stands for the proposition that it constitutes an unconstitutional amendment to drop from an indictment those allegations that are unnecessary to an offense that is clearly contained within it, that case has simply not survived. To avoid further confusion, we now explicitly reject that proposition.

*Id.* at 144. Thus, *Beeler* is not good law and the defendants' arguments that rely on it should be rejected.

Likewise, there is no support for the defendants' contention that the remaining Counts must be dismissed because they are "blended" with the § 219-related allegations. An indictment may be "pleaded conjunctively and proved disjunctively." *United States v. Hoeffner*, 626 F.3d 857, 863 (5th Cir. 2010). The notion that conjunctively pleaded allegations somehow "blend" together does not appear in any case. To the contrary, grand juries are presumed to have found probable cause on all the theories set forth in the indictment. *See United States v. LaPointe*, 690 F.3d 434, 440

5

(6th Cir. 2012) ("Indictments must be phrased in the conjunctive so that society can be confident that the grand jury has found probable cause for all of the alternative theories that go forward."). The government is free to proceed on a subset of those theories, provided the offense of conviction is sufficiently pleaded and fully contained in the indictment. *See Miller*, 471 U.S. at 136.

The cases on which the defendants rely do not support their "blending" theory. In *Russell v. United States*, 369 U.S. 749 (1962), the Supreme Court held that the indictment at issue was not sufficiently pleaded — by omitting facts that went to the "very core of criminality" under the statute charged, it failed to "sufficiently apprise the defendant 'of what he must be prepared to meet.'" *Id.* at 764. That defect, the Court held, could not be cured by a bill of particulars because that would constitute an amendment to the indictment. *Id.* at 770–71. Thus, *Russell* held that a deficiency in the indictment may not be cured by *adding* allegations; it says nothing about *subtracting* allegations from a sufficiently pleaded indictment.

The other cases on which the defendants rely fare no better. In *Diaz v. United States*, 690 F.2d 1352 (11th Cir. 1982), the court held that the government's decision not to proceed on one object of a dual-object conspiracy did not affect the validity of the remaining charge: "the withdrawal of distinct portions of such a conspiracy charge from jury consideration is permissible if the effect is to narrow the issues a defendant is called on to meet." *Id.* at 1356 (internal citation omitted). Similarly, in *United States v. Allmendinger*, 706 F.3d 330 (4th Cir. 2013), the court held that the defendant's rights were not violated when the government "simply proved a more narrow conspiracy than was charged in the superseding indictment." *Id.* at 339. Thus, both *Diaz* and *Allmendinger* held that the change was permissible because it merely narrowed the offenses set forth in the indictment. Neither case turned on a finding that the dropped allegations were not "blended" with the remaining charges.

Finally, the defendants rely heavily on an out-of-circuit district court opinion, *United States v. Mariani*, 7 F. Supp. 2d 556 (M.D. Pa. 1998), which in turn quotes extensively from a different out-of-circuit district court opinion, *United States v. D'Alessio*, 822 F. Supp. 1134 (D.N.J. 1993). In *D'Alessio*, the district court ruled that the indictment relied on an invalid legal theory that could not be stricken without altering the nature of the charges. *Id*. at 1145. The court did not analyze *Miller*, instead relying on reasoning similar to that in *Bain*: that the offending material could not be stricken because "[w]ithout it, the grand jury may not have indicted the defendants at all or differently." *Id.* at 1145. As discussed above, that reasoning was invalidated in *Miller*. *D'Alessio* therefore has no persuasive value. In any event, *Mariani* distinguished *D'Alessio* on the ground that "*[e]ach* of the remaining statements could support a perjury conviction without consideration of [the stricken statement]." *Id.* at 568. Here, likewise, the remaining allegations amply support convictions on the conspiracy, bribery, honest-services fraud conspiracy, and money-laundering charges without consideration of the stricken § 219-related material.

In sum, the changes requested in the government's motion are permissible under *Miller* because they merely narrow the charges in the Indictment. The defendants' arguments to the contrary rely on an overruled precedent and a theory that finds no support in the case law.

## II. The Government's Motion to Strike Certain Allegations Is Not a Basis for Dismissal of the Indictment

Even if the relief requested in the government's motion were somehow impermissible — which it is not — that would not be a basis to dismiss other Counts or strike additional allegations. The decision not to proceed on certain charges or allegations is squarely within the discretion of the Executive. There can be no dispute that the government could elect not to present evidence relating to § 219 at trial and then seek jury instructions consistent with its proof. *See Thomas*, 398 F.2d at 539. By moving to strike those allegations before trial, the government has given the

7

defendants advance notice of the charges they will be called to meet, allowing them to better prepare for trial. The defendants are not thereby prejudiced in any way. If the Court were to determine that the government's method of effectuating its prosecutorial discretion was improper, then it should deny the government's motion. There is simply no basis to dismiss Counts or strike allegations beyond those specified in the government's motion.

### III. Counts Four and Eight Should be Dismissed Without Prejudice

Dismissal under Rule 48(a) is ordinarily without prejudice. *See United States v. Davis*, 487 F.2d 112, 118 (5th Cir. 1973). Where, as here, "the motion is uncontested, the court should ordinarily presume that the prosecutor is acting in good faith and dismiss the indictment without prejudice." *United States v. Welborn*, 849 F.2d 980, 983 (5th Cir. 1988). Only where the motion is contested should the court inquire as to the prosecutor's motives. *Id.* at 983–84. If the court grants the motion over the defendant's objection and the defendant is subsequently reindicted, the defendant may seek to have the prior ruling on prejudice reviewed. *Id.* at 984.

Here, the defendants do not object to the dismissal of Counts Four and Eight and do not allege that the government is acting in bad faith. The government has explained that its motion is based upon a policy regarding enforcement priorities and use of prosecutorial resources. *See* ECF No. 122 at 1–2. Thus, there is no basis for a finding of bad faith and the Counts should be dismissed without prejudice.

### IV. Conclusion

The government's Motion to Dismiss Counts and Strike Allegations Relating to 18 U.S.C. § 219, ECF No. 122, should be granted and Counts Four and Eight should be dismissed without prejudice. The defendants' Motion to Dismiss Indictment, ECF No. 135, should be denied.

Dated: August 8, 2025

EDWARD P. SULLIVAN
Acting Chief
Public Integrity Section
Criminal Division
U.S. Department of Justice

By: /s/ *Celia Choy*
Rosaleen O'Gara
Celia Choy
Aaron L. Jennen
Attorneys for the United States

Respectfully submitted,

SCOTT M. LARA
Acting Chief
Counterintelligence and Export Control Section
National Security Division
U.S. Department of Justice

By: /s/ *Garrett Coyle*
Garrett Coyle
Attorney for the United States

**CERTIFICATE OF SERVICE**

    I certify that I filed this Response via the CM/ECF system on August 8, 2025, which caused the Response to be electronically served on all counsel of record.

                                          */s/ Celia Choy*
                                          Celia Choy