UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:24-cr-00224 |
| | § | |
| ENRIQUE ROBERTO "HENRY" CUELLAR | § | |
| and IMELDA RIOS CUELLAR | § | |

**DEFENDANTS' REPLY IN SUPPORT OF**
**MOTION FOR CONTINUANCE AND AMENDED SCHEDULING ORDER**

The relief requested in Defendants' July 22, 2025 Motion for Continuance and Amended Scheduling Order [ECF No. 123, the "Motion"] is unopposed. According to the Government's August 1, 2025 Response [ECF No. 128, the "Response"], all parties agree that a continuance of the September 22, 2025 trial date "is warranted," that the "significant" pending issues before the Court impact "Defendants' ability to prepare for trial," and that pretrial deadlines should be "held in abeyance." ECF No. 128 at 1, 9, 11. The Response also did not take issue with the trial date proposed in the Motion: March 30, 2026. Therefore, Defendants respectfully request that the Court issue an amended scheduling order continuing the trial date in this case from September 22, 2025, to March 30, 2026, or other date convenient to the Court, provided the Government produces remaining outstanding discovery to Defendants well in advance of rescheduled deadlines.

Defendants offer three additional points in further support of their Motion, particularly in light of the Government's accusations that Defendants' submission contained "inaccurate, misleading, and exaggerated claims" of the discovery record. First, the concessions in the Response far outweigh the Government's inflammatory rhetoric. Over seven pages of the Response are devoted to defending the Government's discovery conduct to date. Those pages do not contest bedrock information in the Motion, including:

- As of the date of the Motion, the Government had produced approximately 14 Terabytes of raw data in addition to at least 8.7 million pages of tiff images;

- Even accepting as true the Government's unverified assertion that video produced on free-standing internal hard drives in March 2025 is 4.5 TB in size instead of 9 TB, *see* ECF No. 128 at 8, over 75 percent of the data produced in discovery is not readily searchable;

- Data extracted from "many" of the dozens of devices produced by the Government was produced using idiosyncratic "forensic software," rendering global searching impossible;

- Even accepting as true the Government's unverified assertion that video produced on free-standing internal hard drives in March 2025 is 4.5 TB in size instead of 9 TB, *see* ECF No. 128 at 8, over 65 percent of the data produced in discovery was served after February 2025, the date the Government continues to assert marked the end of the "bulk" of its relevant production; and

- The Government is still not done with discovery, as the prosecution continues to advise in a production as recent as *this week* (August 6, 2025) that it "will continue to produce discovery on a rolling basis."

The Response also does not dispute three of the five grounds for a continuance in the Motion, namely (a) Defendants' review burden is high, as large portions of the Government's productions "are not searchable because of the nature of the medium" or were not produced "in a 'globally searchable' format" (ECF No. 128 at 5–6), (b) the Government's "Inquiry into Potential Conflict of Interest" could affect Defendants' preparation for trial (*id.* at 10), and (c) at least some of the additional burdens, including the Government's recast claims purportedly pursuant to Rule 48, "could impact the scope of the trial" (*id.*). The Court is therefore presented with a stipulated "totality of circumstances" favoring a continuance of the trial date here. *See United States v. Davis*, 61 F.3d 291, 298 (5th Cir. 1995).

Second, other than a conclusory statement that the Government's disclosures have been "timely," ECF No. 128 at 2, the Response is notably silent with respect to Defendants' point that the Government is delaying discovery productions in this complex case until the eve of trial. Indeed, *after* the Motion was filed (on July 30, August 6, and August 7), the Government produced

(a) 41.66 Gigabytes of loadable data, containing 133,622 files of varying degrees of searchability (largely searchable .pdfs and .tiffs intermixed with unsearchable audio files and .jpg and .png images), (b) over 1 Gigabyte of PDFs "inadvertently omitted from prior productions," and (c) an as-yet undetermined volume of data on two Blu-Ray discs, reportedly containing raw search results from two seized electronic devices with limited search capabilities.[1]  In a letter accompanying the August 6, 2025 production, the Government continues to advise that it "will continue to produce discovery on a rolling basis."  In short, the Government's discovery delays continue to prejudice defense counsel and warrant a continuance.

Third, Defendants must correct the record after the Government's pejorative response to statistics in the Motion showing that the massive volume of discovery has created a needle-in-the-haystack situation.  For example, the Response asserts that it was "inaccurate and misleading" for the Motion to describe "load-ready files" to be "partially" searchable, but the Government then concedes under its breath that such files contain "some native files" and "various audio and video files" that "are not searchable because of the nature of the medium." ECF No. 128 at 4–5.  The Response also argues that it is "incorrect" to describe "forensic reports" produced in connection with seized devices as "limited" in their searchability, but the Government then concedes that it "would not have been possible" to provide all of the data collected from seized devices using a variety of "forensic software" in a globally-searchable format.  *Id.* at 6.  Indeed, it is the Government's position that is suspect, as the Response asserts that data from seized devices "cannot be converted into load-ready files," *id.*, but the Government has presumably aggregated

---

[1]    The Government's brief statement that it made "two additional productions" "[s]ince the May 2025 hearing," ECF No. 128 at 3, is misleading and incomplete.  The only production between the May 2025 hearing and Defendants' motion consisted of 83 images, and the Response omits the productions on August 6 and August 7, 2025 entirely.

such data itself for trial preparation purposes, and it could have converted data into RSMF (Relativity Short Message Format) or a similar format in its productions. Finally, the Response professes ignorance about the number of seized devices it has produced to date, *see Id.* at 7 n.2 ("It is unclear how they derive that number . . . ."), but the Motion contains a detailed table counting at least 140 devices produced by the prosecution in addition to media Defendants have not been able to access to date. In short, the discovery record accurately described in the Motion undercuts the disparaging rhetoric in the Response.

## CONCLUSION

WHEREFORE, for the reasons set forth above and in their initial motion, defendants Enrique Roberto "Henry" Cuellar and Imelda Rios Cuellar respectfully request that the Court issue an amended scheduling order continuing the trial date in this case from September 22, 2025, to March 30, 2025, or other date convenient to the Court, provided the Government timely produces remaining discovery to Defendants.

Respectfully submitted,

**FLOOD & FLOOD**

 /s/ *Chris Flood (with permission)*
Chris Flood
Email: chris@floodandflood.com
State Bar No. 07155700
Federal I.D. No. 9929

Charles Flood
Email: charles@floodandflood.com
State Bar No. 00798178
Federal I.D. No. 22508

Stephen D. Dockery
State Bar No. 24120265
Email: stephen@floodandflood.com
914 Preston, Ste. 800
Houston, Texas 77002
713-223-8877
713-223-8877 fax

   /s/ *Eric Reed (with permission)*
Eric Reed
State Bar No. 00789574
Federal I.D. No. 17904
**THE REED LAW FIRM, PLLC**
912 Prairie St., Suite 100
Houston, Texas 77002
713-600-1800
713-600-1840 fax

**ATTORNEYS FOR DEFENDANT,
ENRIQUE ROBERTO "HENRY" CUELLAR**

**DRUMHELLER, HOLLINGSWORTH & MONTHY, LLP**

  /s/ *Jeremy T. Monthy*
Derek S. Hollingsworth
State Bar No. 24002305
Federal I.D. No. 34569

Anthony D. Drumheller
State Bar No. 00793642
Federal I.D. No. 22734

Jeremy T. Monthy
State Bar No. 24073240
Federal I.D. No. 1115582

Lindsay M. Contreras
State Bar No. 24094164
Federal I.D. No. 3685193

712 Main Street, Suite 1705
Houston, Texas 77002
Telephone: (713) 751-2300
Facsimile: (713) 751-2310
Emails: dhollingsworth@dhmlaw.com
        adrumheller@dhmlaw.com
        jmonthy@dhmlaw.com
        lcontreras@dhmlaw.com

**ATTORNEYS FOR DEFENDANT,
IMELDA RIOS CUELLAR**

## CERTIFICATE OF SERVICE

      I hereby certify that on August 8, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties.

      /s/ *Jeremy T. Monthy*
      Jeremy T. Monthy