## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Case No. 4:24-cr-00224 |
| | § | |
| | § | |
| ENRIQUE ROBERTO "HENRY" | § | |
| CUELLAR and IMELDA RIOS | § | |
| CUELLAR | | |

## DEFENDANT'S PARTIALLY UNOPPOSED MOTION TO SUPPLEMENT THE RECORD AND MOTION TO STAY PENDING APPEAL

TO THE HONORABLE LEE H. ROSENTHAL,
UNITED STATES DISTRICT JUDGE:

ENRIQUE ROBERTO "HENRY" CUELLAR, Defendant herein through counsel, files this Motion to Supplement the Record and Motion to Stay Pending Appeal. This case is scheduled for trial beginning April 6, 2026.

The Government is unopposed to the motion to supplement the record with the grand jury transcripts. It asks that the material under seal should remain under seal and the material reviewed *ex parte* by this Court should be reviewed *ex parte* by the court of appeals. The Government is partially unopposed to the motion to stay. The Government does not seek to hold trial before the Speech or Debate appeal is resolved but asks to continue with pretrial proceedings. It suggests the parties file a status report around the New Year. The Government opposes any reconsideration.

## I. BACKGROUND

Congressmen Cuellar moved to dismiss the indictment in this case on May 9, 2025.  Dkt. No. 87.  During that briefing, the government disclosed a portion of the grand jury record to defense counsel and a portion to the Court.  Dkt. Nos. 105, 110, 144. This Court found that legislative act material was presented on the face of the indictment but denied the motion to dismiss in a Memorandum Opinion on September 19, 2025.  Dkt. No. 144. Mr. Cuellar appealed the decision on September 25, 2025. Dkt. No. 145.

## II. LEGAL STANDARD

### A.    Speech or Debate Challenges Create an Entitlement to Interlocutory Appeal

The Supreme Court has held that a District Court's refusal to dismiss an indictment for an alleged Speech or Debate Clause violation satisfies the collateral order doctrine under 28 U.S.C § 1291. *Helstoski v. Meanor*, 442 U.S. 500, 507 (1979).  This is because Article 1 Section 6 of the United States Constitution, the "Speech or Debate Clause," protects Congressmen "not only from the consequences of litigation's results but also from the burden of defending themselves." *Id.*  Once a Speech or Debate motion to dismiss is denied, an appeal is available to Members of Congress to avail themselves of the protection that would be lost if they were forced to go to trial.  *Id.*; *United States v. Jefferson*, 546 F.3d 300, 309 (4th Cir.

2008) (stating that Speech or Debate review is one of three types of issues in a criminal case "sufficient for a collateral order appeal"); *United States v. Schock*, 891 F.3d 334, 336 (7th Cir. 2018); *United States v. Renzi*, 651 F.3d 1012, 1018 (9th Cir. 2011); *United States v. Rostenkowski*, 59 F.3d 1291, 1313 (D.C. Cir. 1995), *opinion supplemented on denial of reh'g*, 68 F.3d 489 (D.C. Cir. 1995). A district court's denial to dismiss an indictment for alleged Speech or Debate Clause violations is reviewed *de novo*. *United States v. Swindall*, 971 F.2d 1531, 1543 (11th Cir. 1992).

B.    Stay Pending Appeal

The denial of the motion to dismiss on Speech or Debate grounds almost always leads to a stay pending interlocutory appeal because the protection and purposes of the Clause's absolute protection are lost if a legislator is forced to go to trial. *See Jefferson*, 546 F.3d 309 (conducting pretrial review); *Schock*, 891 F.3d at 336 (conducting pretrial review); *Renzi*, 651 F.3d at 1018 (conducting pretrial review); *Rostenkowski*, 59 F.3d at 1313 (conducting pretrial review).

Although stays of trial court proceedings are not an entitlement, "the authority to 'hold an order in abeyance pending review allows an appellate court to act responsibly' when faced with serious legal questions that merit careful scrutiny and judicious review." *Campaign for S. Equal. v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (quoting *Nken*, 556 U.S. at 427). Courts review four factors in weighing a stay: 1) the applicant's likelihood of success on the merits; 2) whether the applicant will be

3

irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and 4) where the public interest lies. *Id.* These factors are not applied in a ridged or mechanical fashion. *Id.* A movant needs only to show a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay. *Id.*

## III. ARGUMENT

A.     The Case Should be Stayed Pending Interlocutory Appeal

Congressman Cuellar's appeal of the Speech or Debate ruling satisfies the collateral order doctrine. *See Helstoski*, 442 U.S. at 507.  Therefore, he should not be subject to trial before appellate review of the decision occurs or the protection of the Clause will be lost. *See id.* Appellate pretrial review of Speech or Debate challenges occurs in cases even in which the District Court has held that no grounds exist for a Speech or Debate violation. *See Jefferson*, 546 F.3d at 313.

Here, there is great substance to the challenge because the Court found violations of the Speech or Debate Clause on the face of the indictment but disagreed over the appropriate remedy for those violations.  Dkt. No. 144.  The Court stated there were many close questions in ruling that some, but not all, of the challenged paragraphs were protected. *See* Dkt. No. 144. Interlocutory appeal of the Court's order is appropriate to affect the purpose of the Clause, which protects not only trial

for legislative acts, but also any inquiry into those acts. *Doe v. McMillan*, 412 U.S. 306, 312-13 (1973). Therefore, it is appropriate to stay this proceeding to allow for appellate review so the serious legal questions regarding the balance of power between the Legislative and Executive branch can be resolved. *See Campaign for S. Equal.*, 773 F.3d at 57.

All four stay factors favor the Defendant: 1) The Applicant has already shown success on the merits because the Court found Speech or Debate violations, and many close questions were resolved in the Court's 46-page opinion; 2) The Applicant would be irreparably injured if forced to defend himself against privileged Speech or Debate material at trial because the Clause protects lawmakers from any inquiry into legislative acts; 3) The Government's interest in prosecution would only be delayed not irreparably harmed and its interest pales in comparison to the purpose of the Clause and the constitutional rights of the Defendant. Mrs. Cuellar also supports this motion; 4) The public has a profound interest in the correct balance of power between the Legislative and Executive Branch which is the question raised by this appeal. Finally, a stay would be in line with most Speech or Debate challenges, which allowed pretrial review of speech or debate questions. *See Jefferson*, 546 F.3d at 309 (conducting pretrial review); *Schock*, 891 F.3d at 336 (conducting pretrial review); *Renzi*, 651 F.3d at 1018 (conducting pretrial review); *Rostenkowski*, 59 F.3d at 1313 (conducting pretrial review).

The Clause protects congressmen from answering questions about legislative acts and the case should be stayed to protect that right before appellate review occurs. *See id.* Most importantly, if the appellate Court were to determine that dismissal is the appropriate remedy for the Speech or Debate violations, forcing Congressman Cuellar to defend himself from Constitutionally infirm allegations would cause irreparable harm. Congressman Cuellar asks that a stay be entered pending appeal.

B.    The Record Should be Supplemented for Appeal and the Order Reconsidered if Necessary

Finally, the production of the grand jury record was slightly convoluted during the motion practice. First, a witness's testimony was produced solely to the Court for *ex parte* review, then a portion of the grand jury record was produced to the defense and then the balance of the grand jury record was produced to the court for *ex parte* review. Congressman Cuellar asks that the material reviewed *ex parte* by the Court be made part of the record and the record on appeal be supplemented with the testimony of the witness who presented the Speech or Debate material to the grand jury which was incorporated on the face of the indictment. Dkt. No. 144. This testimony is filed under seal as Exhibit A. To the extent the testimony in Exhibit A causes the Court to reconsider or revise its memorandum, Defendant Cuellar invites such a reconsideration.

## IV. CONCLUSION

Congressman Cuellar respectfully requests that the Court grant this motion to stay this proceeding pending appeal and that it supplement the record with the *ex parte* materials and the testimony under Exhibit A.  Congressman Cuellar asks the Court to reconsider its order based on the supplemented record if it believes it to be necessary.

Respectfully submitted,


/s/ Chris Flood
Chris Flood
Email: chris@floodandflood.com
State Bar No. 07155700
Federal I.D. No. 9929

Charles Flood
Email: charles@floodandflood.com
State Bar No. 00798178
Federal I.D. No. 22508

/s/ Stephen Dockery
Stephen D. Dockery
State Bar No. 24120265
Email: stephen@floodandflood.com

FLOOD & FLOOD
914 Preston, Ste. 800
Houston, Texas 77002
713-223-8877
713-223-8877 fax

*/s/ Eric Reed*

Eric Reed
The Reed Law Firm, PLLC
State Bar No. 00789574
Federal I.D. No. 17904
912 Prairie St., Suite 100
Houston, Texas 77002
713-600-1800
713-600-1840 fax

***ATTORNEYS FOR DEFENDANT,
ENRIQUE ROBERTO "HENRY"
CUELLAR***

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 29, 2025, I conferred with counsel for the Government regarding Defendants' Motion to Stay and to Supplement the Record. The Government is unopposed to the motion to supplement and partially unopposed to the motion to stay. Mrs. Cuellar supports both motions.

/s/ Stephen Dockery
Stephen Dockery

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties. A copy of sealed Exhibit A was sent by email to counsel for the Government.

/s/ Chris Flood
Chris Flood